CV 15          5347

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CRYSTAL HALEY,

                                      Plaintiff,

                  -against-

P.O. CORINA FRANKS, Tax Reg. # 948512;
POLICE OFFICER JOHN DOE(S) (True names unknown);
And CITY OF NEW YORK,

                                      Defendants.
-----------------------------------------------------------------X

**AMENDED COMPPLAINT**

C.V. No.: _____

(Jury Trial Demanded of all issues)

ROSS, J.
POLLAK, M.J.

FILED CLERK 2015 SEP 16 AM 9:55 U.S. DISTRICT COURT EASTERN DISTRICT

The Plaintiff CRYSTAL HALEY, by his attorney GARNETT H. SULLIVAN, ESQ., complaining of the defendant's alleges as follows:

## PRELIMINARY STATEMENT

**1.** This is a civil rights action in which the plaintiff seeking relief for the defendant's violation and deprivation, under color of State law of plaintiff's rights secured by the Fourth and Fourteenth amendments of the New York and United States constitutions and under common law, and is being brought pursuant to 42 U.S.C. sec. 1983.

**2.** Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

**3.** Jurisdiction is based upon and conferred to this Court by 42 U.S.C. 1983 and 28 U.S.C. secs. 1331 and 1343(3) and (4). Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. 1367 (a) with respect to any and all State law claims and as against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

**4.** The plaintiff CRYSTAL HALEY at all times hereinafter mentioned was and still is a citizen of the United States and a resident of the City and State of New York and County of Kings.

5. That the defendant CITY OF NEW YORK is a municipal organization of the State of New York, organized and existing by virtue of the laws of the State of New York.

6. That upon information and belief the defendants P.O. CORINA FRANKS and P.O. JOHN DOE(s) at all times hereinafter mentioned was a police officer employed by the defendant CITY OF NEW YORK and was acting with the scope of said employment as police officer and was further acting under the direction, supervision and control of defendant CITY OF NEW YORK.

7. That the defendant CORINA FRANKS and P.O. JOHN DOE(s) is being sued individually and in his official capacity as a police officer acting on behalf of the defendant CITY OF NEW YORK.

## FACTUAL ALLEGATIONS

8. That on or about March 24, 2015 at approximately 2:30 P.M. the Plaintiff who was seventeen (17) years old swiped her student metro card to enter the subway to take the "M" train at Wyckoff Ave. and Myrtle Ave., in the County of Queens.

9. Shortly after Plaintiff swiped her metro-card she was confronted by the Defendant P.O. CORINA FRANKS, who asked Plaintiff if she just swiped the student metro card. After Plaintiff said yes, the defendant demanded to see the Plaintiff's student identification which she did not have on her person.

10. The Plaintiff showed the Defendant FRANKS her N.Y. State Identification. The Defendant FRANKS, then asked Plaintiff how did she get the student metro card. The Plaintiff replied that she attended High School.

11. The Defendant FRANKS then claimed that the Plaintiff was giving her an attitude and directed Plaintiff to leave the subway station.

12. Plaintiff then called her grandmother by cell phone and asked the Defendant FRANKS to speak with her grandmother. The Defendant FRANKS refused to speak with Plaintiff's grandmother, and refused to let Plaintiff use the subway.

13. That Plaintiff asked the Defendant for her name and badge number. That the Defendant FRANKS refused to give her name and badge number, and instead grabbed the Plaintiff by her arm.

14. The Plaintiff was then forcefully and violently knocked to the concrete ground by the Defendant FRANKS and two other police officers (P.O. JOHN DOE(s))

15. The Plaintiff was subsequently handcuffed by the Defendants and was taken to jail.

16.    The Plaintiff cried throughout her arrest, inquired why she was being arrested, even though she had done nothing wrong. Plaintiff told the Defendant that she had to meet her father for his birthday.

17.    The Defendant FRANKS was callous in her attitude and caused the Plaintiff a teenager to not be able to see her dad for his birthday.

18.    The Defendant P.O. CORINA FRANKS knowingly made false charges against the plaintiff and signed a Criminal Court Complaint charging the Plaintiff with fare evasion, trespassing, and resisting arrest. The Defendant FRANKS knew full well that these charges were false and made without probable cause.

19.    The Plaintiff was detained in custody until she was arraigned in Queens County Criminal Court and release from custody at approximately 10:00 A.M.

20.    All the charges against the Plaintiff were subsequently dismissed.

21.    That as a result of all of the aforementioned conduct by the Defendants, the Plaintiff was caused to suffer great emotional distress, depression, anxiety, humiliation, shame and embarrassment, loss of liberty, and physical injury.

## FIRST CAUSE OF ACTION

22.    The plaintiff incorporates by reference each preceding paragraph of this complaint as if set forth at length herein.

23.    That the aforesaid arrest and imprisonment of the plaintiff by the defendant P.O. CORINA FRANKS in her capacity as police officer employed by defendant CITY OF NEW YORK acting under the color of State Law, without any authority of the law and without any reasonable cause or belief that the defendant was in fact guilty of the crimes for which he was charged.

24.    That said defendants, their agents, servants and employees falsely arrested and illegally imprisoned the plaintiff and intentionally subjected plaintiff to confinement which plaintiff was conscious of and said confinement was not otherwise privileged or consented to by plaintiff.

25.    That by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by the defendants, their agents, servants or employees, the plaintiff was wrongfully deprived of his rights privileges and benefits as provided to him under the constitutions of the united States of America and the State of New York, was subjected to pain, suffering, great indignities, ridicule, scorn, loss of freedom, humiliation, mental distress, was prevented from attending his usual activities was injured in his reputation in the community was further caused to incur monetary expenses.

26.    That the defendants committed the foregoing acts willfully and with malicious disregard for plaintiff's rights and is therefore liable to plaintiff for compensatory as well as punitive damages.

## SECOND CAUSE OF ACTION

27.    The plaintiff incorporates by reference each preceding paragraphs of this complaint as though fully set forth at length herein.

28.    The defendants acting under color of State law, subjected plaintiff to the foregoing acts without due process of law in violation of 42 U.S.C. sec. 1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights:

(a) Plaintiff was deprived of Fourth Amendment constitutional right to be free from unreasonable searches and seizure of his person;

(b) Plaintiff was deprived of his Fourteenth Amendment right to liberty without due process of law;

(c) Plaintiff was deprived of his Fourteenth Amendment right to equal protection of the laws.

## THIRD CAUSE OF ACTION

29.    The plaintiff repeats, realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

30.    Defendants subjected plaintiff to the foregoing acts without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1 sec. 1, 6, 8, 9, 11 and 12 or the New York State Constitution, including without limitation the following deprivations of his rights, privileges and immunities;

(a) Plaintiff was deprived of his right to be free from unreasonable seizure of his person, in violation of sec. 12 of the constitution of New York;

(b) Plaintiff was deprived of his rights to liberty, without due process of law, in violation of sec. 6 of the constitution of the State of New York;

(c) Plaintiff was deprived of his right to equal protection of the laws, in violation of sec. 11 of the constitution the State of New York.

## FOURTH CAUSE OF ACTION

31.     The plaintiff incorporates by reference each preceding paragraphs of this complaint as though fully set forth at length herein.

32.     That the arrest, detention and imprisonment of plaintiff was wrongful and malicious, and effected without good faith and without reasonable or probable cause or other legal justification or privilege.

33.     That the acts and conduct of the defendants constitute false arrest and false imprisonment under the law of the State of New York.

34.     That plaintiff was wholly innocent of the aforesaid charges and did not in any way contribute to the conduct of the defendants, their agents, servants and employees.

35.     That the defendants intended to confine the plaintiff and the plaintiff was conscious of such confinement and did not consent to his confinement.

## FIFTH CAUSE OF ACTION

36.     The plaintiff repeats, realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

37.     That the defendants instituted and continued the criminal proceeding against the plaintiff in the Queens County Criminal Court in the absence of any probable cause for said prosecution.

38.     That the prosecution against plaintiff was instituted by defendants with malice.

39.     The dismissal of the charges against the plaintiff was a favorable termination in favor of the plaintiff.

40.     The aforementioned conduct constituted malicious prosecution and deprived the Plaintiff of her civil rights under the color of state law.

## SIXTH CAUSE OF ACTION

41.     The plaintiff repeats, realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

42. By the actions described above, defendant acting individually violated plaintiff's right of privacy and trespassed on his person, subjected him to embarrassment and humiliation, intruded into and invaded his seclusion of person, solitude and private affairs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed him by the laws and constitution of the State of New York.

43. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subjected to great humiliation, and was otherwise damaged and injured.

## SEVENTH CAUSE OF ACTION

44. The plaintiff repeats, realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

45. That at all times material to this complaint, the defendant CITY OF NEW YORK; acting through its police department had in effect de facto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officer.

46. That it is common practice and common knowledge that police officers of the CITY OF NEW YORK routinely arrest individuals and maliciously charge them with the criminal violations of which plaintiff was charged, in the absence of probable cause to believe the persons committed any such violation of laws.

47. That defendant CITY OF NEW YORK is well aware of the foregoing facts and has received innumerable complaints of false arrest for such charges, but the CITY OF NEW YORK has condoned such conduct, and has failed to take sufficiently reasonable actions to investigate and to institute polices to prevent or deter the police from charging innocent citizens of harassment and resisting arrest.

48. Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

    (a) Failed to perform their duties as a reasonably prudent and careful police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure, and arrest; physically assaulting a person; and other acts which a police officer of ordinary prudence would have done;

    (b) Hired and retained incompetent and unfit police officers whom they knew, or should have known possessed dangerous propensities and a lack of proper temperament and whom they knew, or should have known, harbored hostility toward persons who questioned or criticized police conduct, or asserted their legal rights;

(c)     Failed to exercise care in instructing police officers, officials, supervisors, and civilian employees as to their deportment, behavior, and conduct, including (but not limited to) failing to give proper instructions as to when citizens may be forcibly detained and taken into custody, as to the preparation and submission of accurate criminal charges, as to consequences of inflicting summary punishment and bringing false criminal charges; and as to the obligation of police officers to intervene to protect citizens threatened with violence or deprived of constitutional rights by other Suffolk County police officers;

(d)     Failed to establish meaningful procedures for disciplining officers and other personnel who have engaged in such acts of misconduct.

49.    All of these acts were performed without any negligence on the part of plaintiff and were the proximate cause of injuries to him.

**WHEREFORE,** plaintiff demands the following relief jointly and severally against all defendants;

- A.    Compensatory damages
- B.    Punitive damages
- C.    Costs, interests, and attorney's fees
- D.    Such other and further relief as the Court deems proper.

Dated: South Hempstead, New York
       August 28, 2015

_____
GARNETT H. SULLIVAN, ESQ.
**Attorney for Plaintiff**
1080 Grand Avenue
South Hempstead, NY 11550
(516) 285-1575

UNITED STATES DISRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CRYSTAL HALEY,

                                               Plaintiff,

   -against-

P.O. CORINA FRANKS, EAT AL,

                                               Defendants.

---

SUMMONS AND AMENDED COMPLAINT

---

**GARNETT H. SULLIVAN**
ATTORNEY AT LAW
*Attorney for*   **Plaintiff**
*Office and Post Office Address, Telephone*
**1080 GRAND AVENUE, SUITE 200
SOUTH HEMPSTEAD, NEW YORK 11550
(516) 285-575/ (718) 528-6162
Fax: (516) 285-1608**

---

To

Attorney(s) for

Service of a copy of the within                                       is hereby admitted.

Dated,

        Attorney(s) for                                               ............................

Please take notice
_ **NOTICE OF ENTRY**
That the within is a (certified) true copy of a
Duly entered in the office of the clerk of the within named court on                     20
_ **NOTICE OF SETTLEMENT**
That an order                            of which the within is a true copy will be presented for
Settlement to the HON.                                         One of the judges
Of the within named court, at
On the                 day of                    20  at      M.

Dated,

COMPLIANCE PURSUANT TO 22 NYCRR §130-1, 1-a
To the best of the undersigned's knowledge, information and belief formed           Yours, etc.
After an inquiry reasonable under the circumstances, the within document(s)   **GARNETT H. SULLIVAN, ESQ.**
And contentions contained herein are not frivolous as defined in 22 NYCRR   Attorney for
§130-1, 1-a                                                                     1080 GRAND AVENEU
                                                                                          SOUTH HEMPSTEAD, NEW YORK 11550
                                                                                          (516)285-1575
To                                                                                          FAX: (516) 285-1608

Attorney(s) for